ARMSTRONG *v.* STATE.

(*Knoxville.* October 18, 1898.)

PLEA IN ABATEMENT. *Verification.*

A verification of a plea in abatement, stating that it is true, is good without adding the words "in substance and in fact."

Cases cited: Bank *v.* Jones, 1 Swan, 391; Wrompelmier *v.* Moses, 3 Bax., 470.

FROM HAMILTON.

Appeal in error from the Circuit Court of Hamilton County. FLOYD ESTILL, J.

CLEFT & CUMMINGS for Armstrong.

Attorney-general PICKLE for State.

CALDWELL, J. Albert Armstrong was indicted for the larceny of a watch. The person arrested under that indictment filed a plea of misnomer in abatement. This plea was stricken out, because, in the opinion of the Court, not sufficiently verified. The defendant refused to plead further, and thereupon the Court directed a plea of not guilty to be entered. Upon the issue thus formed the defendant was tried, convicted, and sentenced to serve four years in the penitentiary. Motions for a new trial and in arrest of judgment were then successively made and over-

ruled. The defendant appealed in error to this Court, and here insists that his plea was improperly stricken out. The verification of the plea was in these words: "The defendant makes oath that the statements in the above plea are true." This the trial Court ruled to be fatally defective, because not followed by the additional clause, "in substance and in fact." In this ruling the Court below was in error. The affidavit was sufficient as made, and the addition of the other words could have made it no better. The statute prescribes no particular form of verification. Its language is: "No plea in abatement shall be received in any Court, unless its truth is verified by the oath of the party or otherwise." Code, § 2901; M. & V., § 3611; Shannon, § 4622. If the defendant makes oath, as in this case, that the statements in his plea are true, "its truth is verified by the oath of the party;" and that is all the statute requires. If he swears the plea is true, the truth of the plea is verified by his oath, and the use of the words "in substance and in fact" add nothing to its legal effect.

Judge Caruthers, than whom no better pleader under the Code has been known, gives, as a proper and sufficient form of verification of a plea in abatement, the following: "The defendant makes oath that the above plea is true." Hist. Lawsuit (Ed. 1866), Sec. 185. In Martin's edition of the same work the clause, "in substance and in fact," is added. Hist. Lawsuit (Martin), Sec. 83. The

latter form is the one given by Chitty (2 Chitty Pl., 445), and is in rather general use. 1 Enc. Pl. & Pr., 29; 1 Enc. Forms, 26, 27, and citations. The form is undoubtedly good, yet it is not the only one that is good. The requirement is, that the affidavit as to the truth of the plea must be positive and leave nothing to be collected by inference. *Bank* v. *Jones*, 1 Swan, 391; *Wrompelmier* v. *Moses*, 3 Bax., 470. In the bank case the statement was that the affiant "is informed and believes that the above plea is true in substance and matter of fact." The Court said the affidavit was insufficient, because made on information and belief, rather than upon knowledge; that the affidavit must be positive, stating "that the plea is true in substance and fact;" not meaning by the latter, however, to prescribe an exact form, but only to say what was requisite, as contradistinguished from a verification on information and belief. 1 Swan, 392. In the Wrompelmier case the affidavit was, that the "facts stated in the plea are true, to the best of his knowledge, information, and belief." The Court said the verification would have been good if it had stopped with the statement that the "facts stated in the plea are true," but that it was rendered uncertain and insufficient by the qualifying words added. 3 Bax., 470. The verification in the present case is positive, absolute, and unqualified, and, being so, it is entirely sufficient.

Reversed and remanded.